IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CAYTRANS BBC, LLC, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 08-0691-WS-B |
| | ) |
| EQUIPMENT RENTAL AND | ) |
| CONTRACTORS CORPORATION, | ) |
|     Defendant/Counterclaimant/ | ) |
|     Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAYTRANS BBC, LLC, | ) |
|     Counterclaim Defendant, | ) |
| | ) |
| and TRI-STATE MARITIME SERVICES, | ) |
|     Third-Party Defendant. | ) |

**ORDER**

This matter comes before the Court on counterclaim defendant Caytrans BBC, LLC's Motion to Dismiss Counterclaim (doc. 18). The Motion has been briefed and is ripe for disposition.

In its First Amended Complaint (doc. 2), Caytrans BBB, LLC ("Caytrans") brought claims for negligence, breach of contract, and breach of duty of workmanlike performance against Equipment Rental and Contractors Corporation ("Equipment Rental") arising from an incident that occurred on August 23, 2008 at the Alabama State Docks in Mobile, Alabama. According to the Amended Complaint, Caytrans was responsible for loading certain cargo onboard the M/V BBC ARAMIS, and hired Equipment Rental to assist in that endeavor by "supplying a crane and a crew to load the heavy cargo." (Amended Complaint, ¶ 6.) During the loading process, the Amended Complaint alleges, Equipment Rental's crane failed, dropping the cargo and damaging both the vessel and an onboard crane. Caytrans maintains, *inter alia*, that Equipment Rental negligently caused those damages by, among other things, failing to operate

the crane in a safe manner, failing to provide competent personnel to operate said crane, and failing to supply a crane that was reasonably fit for the task at hand.

In its Amended Answer, Counterclaim and Third-Party Claim (doc. 23), Equipment Rental brought counterclaims against Caytrans sounding in negligence, breach of contract / duty of workmanlike performance, and open account and/or account stated.[1] Equipment Rental's pleading alleges the following facts in support of these claims: (1) the parties' agreement confined Equipment Rental's role to supplying the crane and operator, with Caytrans retaining responsibility for rigging the load, directing the crane operator during the loading process, and the like; (2) Caytrans personnel and agents actively participated in the loading process throughout the cargo operations; and (3) all of Equipment Rental's actions in the cargo-loading process were performed at Caytrans' command and direction. (Doc. 23, at 4.) Based on these factual allegations, Equipment Rental asserts counterclaims against Caytrans for negligence (on the theory that Caytrans' own negligence in the loading operations caused the accident and damaged Equipment Rental), breach of contract and breach of duty of workmanlike performance (on the theory that Caytrans breached its contractual obligation or duty of workmanlike performance to provide adequate and competent personnel during the loading process), and open

---

[1] The Court recognizes that Caytrans' Motion to Dismiss was initially directed at Equipment Rental's first Answer, Counterclaim and Third-Party Claim (doc. 13), and that Equipment Rental filed its amended pleading as of right pursuant to Rule 15(a), Fed.R.Civ.P., in response to said Motion. Nonetheless, it is Equipment Rental's amended pleading and not its original pleading that is germane for purposes of the pending Motion to Dismiss. The law of this Circuit is clear that "[a]s a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)). Moreover, Caytrans continued to press its Motion to Dismiss even after the filing of Equipment Rental's amended counterclaims. (*See* doc. 25.) The Court has reviewed and considered Caytrans' briefing specifically aimed at the amended pleading, wherein Caytrans has advanced legal arguments against the amended counterclaims that are similar to those it articulated against the earlier iteration. For these reasons, the Court will limit its analysis to the sufficiency of Equipment Rental's amended counterclaims. Whether the counterclaims as initially pleaded would have passed muster under applicable pleading standards is of no consequence, because the operative iteration of Equipment Rental's counterclaims is the amended version, with the original version having been superseded as a matter of law.

account (on the theory that Caytrans has failed and refused to pay Equipment Rental for services rendered in an amount exceeding $100,000). (*Id.* at 4-5.)

The sole basis for Caytrans' Motion to Dismiss is its contention that Equipment Rental's counterclaims flunk applicable pleading standards as articulated and clarified by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As a general matter, the Federal Rules of Civil Procedure require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P. Indeed, it remains black-letter law today that in the ordinary case, "a complaint need not provide detailed factual allegations" in order to withstand Rule 12(b)(6) scrutiny. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009) (citing *Twombly*, 127 S.Ct. at 1964). *Twombly* neither eliminated nor marginalized those permissive, liberal rules. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n.43 (11th Cir. 2008) ("We understand *Twombly* as a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a).") (emphasis added). Notwithstanding the efforts of many federal litigants to frame it as such, the *Twombly* standard is not a trap for the unwary pleader who fails to utter talismanic incantations or plead his case with the greatest possible specificity. *See Garrett v. Stanton*, 2008 WL 4701215, *5 (S.D. Ala. Oct. 22, 2008) ("The rules do not oblige a plaintiff to plead its claims with maximum specificity."); *Abrams v. Ciba Specialty Chemicals Corp.*, 2008 WL 4183344, *3 (S.D. Ala. Sept. 10, 2008) (similar).

Instead, the changes wrought on pleading requirements by the *Twombly* line of authorities are modest. The critical pleading standard imposed by *Twombly* is that "[a] plaintiff must provide enough factual allegations, which are assumed to be true, to raise a right to relief above the speculative level." *Wilchombe*, 555 F.3d at 958 (citing *Twombly*, 127 S.Ct. at 1965); *see also James River Ins. Co. v. Ground Down Engineering, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) ("To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed.") (citation and internal quotation marks omitted). Contrary to Caytrans' position, it is not necessary that each element of a claim be specifically pleaded; rather, "[i]t is sufficient if the complaint succeeds in identifying facts that are suggestive enough to render [the element] plausible." *Rivell v. Private Health Care Systems,*

*Inc.*, 520 F.3d 1308, 1310 (11th Cir. 2008) (citations omitted).  Although *Twombly* made clear that the pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," it also stressed that the rules of pleading do "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 127 S.Ct. at 1964-65 & 1974; *see also Financial Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (proper test is whether complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory") (citation and internal quotation marks omitted).  Even in the post-*Twombly* world, the Rule 12(b)(6) sufficiency inquiry focuses on whether the challenged pleadings "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quoting *Twombly*, 127 S.Ct. at 1964).

   Upon careful review of Equipment Rental's counterclaims, the undersigned readily concludes that they comport with the above pleading standards.  In particular, Equipment Rental alleges that, per agreement with Caytrans, Equipment Rental's role in the cargo-loading process for the M/V BBC ARAMIS was limited to supplying a crane and operator, with Caytrans bearing responsibility for rigging the load, directing the crane operator, and the like.  Equipment Rental further alleges that Caytrans representatives were actively involved in the loading process, and that the accident occurred because of Caytrans' negligence, including its failure to furnish adequate and competent personnel to direct the safe loading of the heavy cargo aboard the vessel.  The counterclaims also assert that Caytrans had promised to pay Equipment Rental for services rendered, but that it has failed and refused to pay for the more than $100,000 in services provided by Equipment Rental.  Are these allegations as detailed as they possibly could be?  No, but the law does not require as much.  It cannot reasonably be gainsaid that Equipment Rental has pleaded "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974.  Even as amplified by *Twombly*, Rule 8 requires nothing more of a plaintiff.  Stated differently, the Court concludes that Equipment Rental's counterclaims furnish Caytrans with more than adequate notice of what Equipment Rental's claims are and the grounds upon which they rest, and that the proffered factual allegations "possess enough heft to set forth a plausible entitlement to relief."  *Financial Sec.*, 500 F.3d at 1282 (citation omitted).

Caytrans' arguments to the contrary are not persuasive. First, Caytrans criticizes the negligence claim as failing to allege that Caytrans owed Equipment Rental a duty, to delineate the source of the duty, or to allege breach or identify the nature of the breach. But Equipment Rental has plainly alleged that, per agreement of the parties, Caytrans was responsible for directing the activities of the Equipment Rental crane and operator at the dock, and that its negligence in discharging that responsibility caused harm to Equipment Rental. Certainly, those factual allegations provide adequate inferential backbone plausibly to suggest the duty and breach elements of a negligence claim. Nothing more is required by governing authorities. *See, e.g., Rivell*, 520 F.3d at 1310 ("It is sufficient if the complaint succeeds in identifying facts that are suggestive enough to render [the element] plausible."). Second, Caytrans faults Count II as failing to provide the factual predicate for an alleged duty owed by Caytrans to Equipment Rental. But the counterclaims unambiguously allege that Caytrans was contractually obligated to provide adequate and competent personnel, and that Caytrans assumed responsibility for managing and directing Equipment Rental's activities in the load-in process. Such allegations are sufficient to raise any duty element of Count II above the realm of the speculative and into the purview of the plausible. Contrary to Caytrans' apparent contention, nothing in *Twombly* or Rule 8 obliges a plaintiff to chronicle its legal theories in detail in its pleadings, or comprehensively to spell out the legal source of the alleged duty that it contends has been breached. Third, Caytrans decries Count III for failing to delineate precisely which services Equipment Rental performed, the dates of those services, and the specifics of Caytrans' promise to pay. Again, Caytrans would demand far greater precision and specificity from the counterclaims than the Federal Rules of Civil Procedure contemplate. Finally, Caytrans' contentions that it lacks adequate notice of Equipment Rental's claims against it and cannot meaningfully respond to same are devoid of merit. Rules 8 and 12 are not a substitute for discovery.[2] Equipment Rental says that Caytrans was directing the cargo-loading process, that

---

[2]   *See Twombly*, 127 S.Ct. at 1965 (pleading standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the necessary element); *see generally Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F. Supp.2d 1283, 1291 (S.D. Fla. 2007) ("allegations that are unclear due to a lack of specificity are more appropriately clarified by discovery rather than by an order for a more definite statement") (citation omitted);

Caytrans failed to discharge that responsibility adequately, that Caytrans failed to provide adequate and competent personnel, and that Caytrans refused to pay Equipment Rental more than $100,000 owed to the latter for services rendered.  Given the contours of these factual allegations, the Court is confident that Caytrans can frame an adequate and meaningful response to the counterclaims, as pleaded, and then ferret out the specifics of those claims via the discovery process.

For all of the foregoing reasons, Caytrans' Motion to Dismiss Counterclaim (doc. 18) is **denied**.  Caytrans is **ordered** to serve and file its answer to the Amended Answer, Counterclaim and Third-Party Claim (doc. 23) by no later than **April 7, 2009**.

DONE and ORDERED this 25th day of March, 2009.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE

---

*New Lenox Industries, Inc. v. Fenton*, 510 F. Supp.2d 893, 911 (M.D. Fla. 2007) ("to the extent that the Defendants need to obtain additional information to defend themselves at trial discovery is the avenue to pursue").