IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CAYTRANS BBC, LLC, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 08-0691-WS-B |
| ) | |
| EQUIPMENT RENTAL AND ) | |
| CONTRACTORS CORP., ) | |
|     Defendant/Counterclaimant/ ) | |
|     Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CAYTRANS BBC, LLC, ) | |
|     Counterclaim Defendant, ) | |
| ) | |
| and TRI-STATE MARITIME SERVICES, ) | |
|     Third-Party Defendant. ) | |

| | |
|---|---|
| C.V. SCHEEPVAARTONDERNEMING ) | |
| ARAMIS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 09-0586-WS-B |
| ) | |
| EQUIPMENT RENTAL AND ) | |
| CONTRACTORS CORP., *et al.*, ) | |
|     Defendants. ) | |

**ORDER**

    These matters come before the Court on the Motion to Consolidate (doc. 58 in Civil Action 08-0691-WS-B) filed by Equipment Rental and Contractors Corp. ("Equipment Rental") and Tri-State Maritime Services, Inc. ("Tri-State").  Movants request that these two actions (both of which are pending on the undersigned's docket) be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

    The Motion reflects that both actions are factually and legally intertwined.  Both arise

from the same incident involving the same vessel, to-wit: an incident on August 23, 2008, in which a crane evidently failed and a 126,000 lb. piece of cargo dropped into the cargo hold of the M/V BBC ARAMIS, damaging the vessel.  Both cases attempt or will attempt to parcel out fault and financial responsibility for the damage among the same roster of potentially culpable parties, including Equipment Rental (the company that furnished the crane and operator to lift the cargo), Tri-State (the stevedore for the loading of the vessel), and Caytrans BBC, LLC (the company that chartered the vessel).  The factual and legal issues presented in both actions appear substantially similar, and are likely identical in many respects.  Furthermore, movants represent that the only non-movants in either lawsuit (Caytrans BBC, LLC and C.V. Scheepervaarderneming Aramis) have indicated that they do not oppose the proposed consolidation.

       Pursuant to Rule 42(a), Fed.R.Civ.P., a district court has authority to order consolidation "[w]hen actions involving a common question of law or fact are pending before the court."  *Id.*  The Eleventh Circuit has explained that consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court."  *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)).  In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated.  *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *Jackson v. Ford Consumer Finance Co.*, 181 F.R.D. 537, 539 (N.D. Ga. 1998); *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 503 (S.D. Ohio 1995) (in determining whether consolidation is appropriate, "the court balances the value of time and effort saved by consolidation against the inconvenience, delay, or expense increased by it").  Ultimately, district courts in this Circuit have been "encouraged ... to make good use of Rule 42(a) ... in order to expedite the trial and eliminate unnecessary repetition and confusion."  *Hendrix*, 776 F.2d at 1495 (citation and internal quotation marks omitted).

       Review of the Motion to Consolidate, and other relevant portions of the court file in both cases, lends strong support to a conclusion that consolidation is appropriate here, pursuant to

Rule 42(a).  As described *supra*, the factual and legal issues presented in both actions appear substantially similar and will likely be identical in numerous respects.  The identities of the parties are substantially similar in both cases, and the claims joined in the two lawsuits overlap considerably.  Based on considerations of efficiency, judicial economy, the risk of inconsistent rulings on common questions, the burden on the parties and the court, and the relative expense of proceeding separately versus together, consolidation of these actions would plainly streamline these proceedings and eliminate unnecessary repetition and confusion.  Simply stated, it would be far more sensible and efficient to litigate all issues of fault and liability arising from the August 23, 2008 incident aboard the M/V BBC ARAMIS in a single proceeding than to do so piecemeal in multiple actions.

For all of the foregoing reasons, as well as the fact that no party opposes consolidation here, the Court exercises its discretion in favor of **consolidating** these actions for all purposes (through and including trial), pursuant to Rule 42(a), Fed.R.Civ.P.  The Motion to Consolidate is **granted**.  To effectuate consolidation, the Clerk of Court is hereby **directed** to extract documents 1 through 6 from Civil Action No. 09-0586-WS-B and to make those documents a part of the court file in Civil Action No. 08-0691-WS-B.  Furthermore, the Court finds that there is no present reason to maintain Civil Action No. 09-0586-WS-B as an open file.  Therefore, the Clerk is **directed** to submit a JS-6 to the Administrative Office which indicates that 09-0586 is statistically closed and thus removed from the pending docket of this Court.  The Clerk shall thereafter maintain that file as a closed file.  To avoid any confusion, and given that 09-0586 will henceforth be a closed file that has been swallowed whole by 08-0691, the parties are **ordered** not to include the caption of 09-0586 in any future filings in this action and not to file any pleadings directly in 09-0586.  Rather, all future filings in these consolidated proceedings should be made exclusively in 08-0691.

The Court recognizes that a practical consequence of this consolidation is or may be that modification of various deadlines established in the Rule 16(b) Scheduling Order (doc. 28) entered in Civil Action 08-0691 is warranted.  The parties are therefore **ordered** to prepare and file a joint report, on or before **October 20, 2009**, setting forth their proposed adjustments to the previously established Scheduling Order deadlines in order to accommodate the consolidation.

To the extent the parties agree on these proposals, their report should reflect that fact; however, for any deadlines as to which the parties do not agree on a proposed modification, each party's proposal should be delineated separately in the report.

Finally, the Court notes that the parties in 08-0691 have completed discovery, are endeavoring to conduct mediation this month, and have indicated that they "remain hopeful that mediation will result in the resolution of this matter." (Doc. 56, at 2.) It is expected that C.V. Scheepervaarderneming Aramis (the only new party to 08-0691 added by virtue of the consolidation) will participate in mediation in good faith along with the other parties herein, in an effort to reach a global resolution of this dispute. It is further expected that the other parties will freely share with C.V. Scheepervaarderneming Aramis copies of discovery materials previously produced and exchanged in this action so that (a) it will have the benefit of same for purposes of mediation, and (b) the need for duplicative discovery proceedings in this consolidated action to get C.V. Scheepervaarderneming Aramis up to speed will be minimized.

DONE and ORDERED this 6th day of October, 2009.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE