# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CAYTRANS BBC, LLC, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     CIVIL ACTION 08-0691-WS-B |
| | ) |
| EQUIPMENT RENTAL AND | ) |
| CONTRACTORS CORP., | ) |
|     Defendant/Counterclaimant/ | ) |
|     Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAYTRANS BBC, LLC, | ) |
|     Counterclaim Defendant, | ) |
| | ) |
| and TRI-STATE MARITIME SERVICES, | ) |
|     Third-Party Defendant. | ) |

## ORDER

This matter comes before the Court on the Motion to Dismiss (doc. 78) filed by Caytrans BBC, LLC ("Caytrans") and BBC Chartering & Logistic GmbH & Co. KG ("BBC Chartering") in their capacity as defendants to claims brought by C.V. Scheepvaartonderneming Aramis ("C.V.S. Aramis") in its First Amended Complaint.[1] The Motion has been briefed and is now ripe for disposition.[2]

---

[1] The posture of the Motion is unusual. Although it was styled as a Motion to Dismiss brought by both Caytrans and BBC Chartering, counsel signed it only as "Counsel for Caytrans BBC LLC." (Doc. 78, at 12.) Neither this counsel nor any other has filed a formal notice of appearance on behalf of BBC Chartering. Despite this oversight, it is evident that the same counsel intends to represent both Caytrans and BBC Chartering, and that the Motion to Dismiss was brought by both entities. To minimize confusion henceforth, the Clerk of Court is directed to list Caytrans' counsel as counsel of record for BBC Chartering on the docket sheet for this action.

[2] The briefing schedule (doc. 79) authorized movants to file a reply brief in further support of their Motion to Dismiss on or before March 15, 2010. Caytrans and BBC Chartering elected not to submit a reply to the Response (doc. 80) by C.V.S. Aramis.

I.      **Relevant Factual and Procedural Background.**

This consolidated action is comprised of a confusing tangle of crisscrossing claims brought by various entities against each other. All of these claims originate from an accident that took place on August 23, 2008, when cargo was being loaded on board the M/V BBC ARAMIS at the Alabama State Docks in Mobile, Alabama. During the cargo-loading process, a crane collapsed, as a result of which both cargo and the crane boom struck and damaged the vessel.

As the Court understands it (and as alleged in the First Supplemental and Amended Complaint (doc. 74)), the M/V BBC ARAMIS is owned by C.V.S. Aramis, which had entered into a time charter with BBC Chartering on October 4, 2004. Nearly four years later, on June 18, 2008, BBC Chartering entered into a time charter with Caytrans, pursuant to which Caytrans sub-leased the vessel from BBC Chartering. Two other parties, Equipment Rental and Contractors Corp. ("Equipment Rental") and Tri-State Maritime Services, Inc. ("Tri-State"), were involved in loading cargo on board the M/V BBC ARAMIS at the time of the accident, with Equipment Rental furnishing the crane and Tri-State providing stevedoring services. In the current posture of this litigation, each party has sued all or virtually all of the other parties.

Caytrans initially filed suit solely against Equipment Rental pursuant to a Complaint (doc. 1) on November 26, 2008, alleging causes of action for negligence, breach of contract, and breach of duty of workmanlike performance. Within a short time, however, this action mushroomed in complexity. Equipment Rental counterclaimed against Caytrans for negligence, breach of contract / duty of workmanlike performance, and open account and/or account stated, and also lodged third-party claims against Tri-State for breach of duty of workmanlike performance and negligence. (Doc. 23, at 3-7.) Caytrans brought cross-claims against Tri-State for indemnification and contribution (doc. 39, at 5-7), and subsequently amended its complaint to bring direct claims against Tri-State for negligence, breach of contract and breach of duty of workmanlike performance (doc. 53, at 9-12). C.V.S. Aramis filed a separate complaint against Equipment Rental and Tri-State on theories including negligence, breach of warranty of workmanlike performance, and breach of maritime contracts. (*See* doc. 60, at 1.) Equipment Rental responded by asserting a counterclaim against C.V.S. Aramis for negligence, renewing its previously asserted third-party claim against Caytrans, and renewing and expanding on its cross-

claims against Tri-State on theories of breach of contract/duty of workmanlike performance, negligence, and contractual indemnity. (Doc. 76, at 5-13.) And Tri-State interposed cross-claims against Equipment Rental on grounds of indemnity and contribution. (Doc. 77, at 4-5.)

Following consolidation of the Caytrans action and the C.V.S. Aramis action, C.V.S. Aramis amended its complaint shortly before the applicable Rule 16(b) scheduling order deadline to bring new claims against Caytrans and BBC Chartering. These causes of action included new allegations that BBC Chartering had breached the October 2004 time charter, and that Caytrans had breached the June 2008 time charter (as to which C.V.S. Aramis expressly claimed third-party beneficiary status). (Doc. 74, at 5-6.)[3] This First Supplemental and Amended Complaint also raised tort-based claims that BBC Chartering and Caytrans had negligently hired Equipment Rental and/or Tri-State to perform loading functions aboard the M/V BBC ARAMIS, had negligently supervised the loading operations, and had engaged in other acts of negligence. (*Id.*) The *ad damnum* clause of C.V.S. Aramis's pleading reflects that it seeks an estimated $390,000 in money damages, plus interest, attorney's fees and expenses. (*Id.* at 5-7.)

Caytrans and BBC Chartering have now moved to dismiss C.V.S. Aramis's claims pursuant to Rule 12(b)(6), Fed.R.Civ.P., on the following grounds: (a) the claims against BBC Chartering are subject to a mandatory arbitration clause in the October 2004 time charter; (b) the claims against Caytrans fail for lack of contractual privity, as C.V.S. Aramis is not a third-party beneficiary of the June 2008 time charter between BBC Chartering and Caytrans; and (c) if C.V.S. Aramis is a third-party beneficiary of the June 2008 time charter, then its claims against Caytrans should be dismissed pursuant to the mandatory arbitration clause set forth in that

---

[3] In particular, the First Supplemental and Amended Complaint pointed to language in the October 2004 time charter in which BBC Chartering agreed that if it were to sublet the vessel, it would "remain responsible for the Fulfillment of this Charter Party." (Doc. 74, at ¶ XI(A).) C.V.S. Aramis's pleading also quoted a clause from that contract in which BBC Chartering promised to "pay for any and all damages to the Vessel caused solely by the stevedores." (*Id.* at ¶ XI(B).) As for the June 2008 time charter, C.V.S. Aramis referenced a provision stating that "Charterers shall pay for stevedore damage whether or not stevedores have made payment to Charterers. Charterers to remain responsible for damages done to the vessel caused by stevedores or other Charterers' servants." (*Id.* at ¶ XI(C).) And C.V.S. Aramis specifically pleaded that it was "a third party beneficiary" of that contract. (*Id.* at ¶ XI(E).)

document.  C.V.S. Aramis opposes each of these stated reasons for dismissal.

**II.     Analysis.**

   **A.     *Legal Standard for Rule 12(b)(6) Motion.***

On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff.  *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).  Thus, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).[4]  The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)(2), Fed.R.Civ.P.  While a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).   The Eleventh Circuit has summarized the current state of the law by explaining that, to survive a motion to dismiss, "[a] complaint must state a plausible claim for relief," meaning that the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citations omitted).  Simply put, "[t]he well-pled allegations must nudge the claim across the line from conceivable to plausible."  *Id.* (citation and internal quotation marks omitted).

   **B.     *The October 2004 Time Charter and Arbitration Clause.***

The parties do not dispute that the October 2004 time charter entered into between C.V.S. Aramis and BBC Chartering contained a mandatory arbitration provision.  That section provides that "any dispute arising out of or in accordance with this Charter Party shall be referred to arbitration in Hamburg in accordance with the Arbitration Act 1996 or any statutory on [*sic*] re-

---

[4]     *See also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (on Rule 12(b)(6) motion, "the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged ... in the complaint as true"); *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003) ("In reviewing a complaint, we accept all well-pleaded factual allegations as true and construe the facts in the light most favorable to the plaintiff.").

enactment thereof .... The arbitration shall be conducted in accordance with the German Maritime Arbitrators Association (GMAA) Terms current at the time when the arbitration proceedings are commenced." (Doc. 78, Exh. A, ¶ 45.)[5] BBC Chartering contends, and C.V.S. Aramis does not and cannot reasonably contest, that C.V.S. Aramis's claims against it fall within the scope of that arbitration clause.

The Eleventh Circuit has routinely recognized the "strong federal policy in favor of arbitration," as a result of which "courts rigorously enforce arbitration agreements." *Picard v. Credit Solutions, Inc.*, 564 F.3d 1249, 1253 (11th Cir. 2009); *see also B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905, 906 (11th Cir. 2006) (liberal federal policy endorsing and encouraging arbitration is motivated by desire "to relieve congestion in the courts and to provide parties with an alternative method for dispute resolution that is speedier and less costly than litigation") (citations omitted). Nonetheless, agreements to arbitrate are not *per se*, automatically enforced in all cases, but are subject to certain limitations, exceptions and exclusions. C.V.S. Aramis's sole argument against application of the arbitration provision in the October 2004 time charter to its claims against BBC Chartering is that BBC Chartering has waived its right to compel arbitration in this case.

It is certainly true that "an agreement to arbitrate, just like any other contract ..., may be waived." *Ivax Corp. v. B. Braun of America, Inc.*, 286 F.3d 1309, 1315 (11th Cir. 2002) (citation omitted); *see also Morewitz v. West of England Ship Owners Mut. Protection and Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1365 (11th Cir. 1995) ("Arbitration should not be compelled when

---

[5] This language is not recited in the First Supplemental and Amended Complaint, and the October 2004 time charter was not appended to that pleading as an exhibit. "Ordinarily, we do not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss." *Financial Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007). Nonetheless, this arbitration provision is properly considered because the Eleventh Circuit has recognized an exception "in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." *Id.* Caytrans and BBC Chartering have invoked this exception with respect to the arbitration clauses in both time charter agreements, and C.V.S. Aramis has not contested their applicability or otherwise suggested that this Court cannot consider these provisions in resolving the pending Motion to Dismiss. Accordingly, the Court will consider these arbitration clauses even at the Rule 12(b)(6) stage.

the party who seeks to compel arbitration has waived that right."). In determining whether a party has waived its right to arbitrate, the Eleventh Circuit requires that courts examine whether (a) "under the totality of the circumstances, the party has acted inconsistently with the arbitration right," and (b) if so, whether "that party has in some way prejudiced the other party." *Ivax*, 286 F.3d at 1315-16 (internal quotation marks and citation omitted). "Waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party. ... Prejudice has been found in situations where the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate." *Morewitz*, 62 F.3d at 1366 (citations omitted).[6] Despite this waiver doctrine, courts have cautioned that "[b]ecause federal law favors arbitration, any party arguing waiver of arbitration bears a heavy burden of proof." *Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990) (citation omitted).

The threshold defect with C.V.S. Aramis's argument is that it identifies no acts or omissions of BBC Chartering that might constitute a waiver under applicable law. This litigation may be long-running, but BBC Chartering's direct participation in it unquestionably is not. As described *supra*, BBC Chartering is a newcomer to these proceedings, having been joined as a party for the first time via C.V.S. Aramis's First Supplemental and Amended Complaint filed on December 16, 2009. The first filing that BBC Chartering ever made in this action was its Motion to Dismiss, wherein it invoked its arbitration rights under the October 2004 time charter. Given the promptness of BBC Chartering's arbitration demand upon being joined in this action, the undersigned is at a loss to understand C.V.S. Aramis's position that BBC Chartering has substantially participated in this litigation to a point inconsistent with an intent to arbitrate, or has otherwise acted inconsistently with the arbitration right. And while C.V.S. Aramis decries the "much more advanced stage" of this litigation and the proximity of

---

[6] *See also Brown v. ITT Consumer Financial Corp.*, 211 F.3d 1217, 1222 (11th Cir. 2000) (similar); *Gipson v. Cross Country Bank*, 354 F. Supp.2d 1278, 1282 (M.D. Ala. 2005) ("A party may waive the right to arbitrate by its conduct, such as invoking litigation machinery prior to seeking arbitration and acting inconsistently with a right to arbitrate.") (citations and internal quotation marks omitted).

trial, this timing is hardly BBC Chartering's fault.[7] It was C.V.S. Aramis that decided to wait until the last possible moment before amending its complaint to name BBC Chartering as a defendant, even though it plainly has been aware of at least its contractual claims against that entity since well before the inception of these proceedings. BBC Chartering acted with reasonable diligence in exercising its arbitration right. After all, it moved to dismiss C.V.S. Aramis's claims based on the arbitration clause in its first filing after being joined. In short, the Court concludes that C.V.S. Aramis has failed to make the requisite showing that BBC Chartering acted inconsistently with the arbitration right; therefore, C.V.S. Aramis's waiver defense to enforcement of the arbitration clause in the October 2004 time charter is unavailing.

### C. *Plaintiff's Standing to Sue Caytrans.*

With respect to C.V.S. Aramis's claims against Caytrans, that defendant maintains that all such causes of action should be dismissed because "the Plaintiff lacks standing to bring a third party beneficiary claim against Caytrans." (Doc. 78, at 7.) This contention is inadequate on two distinct levels. First, Caytrans overlooks the fact that the First Supplemental and Amended Complaint includes causes of action sounding in tort (*i.e.*, claims of negligent hiring and negligent supervision in connection with Caytrans' dealings with Tri-State and Equipment Rental), not just contract. Caytrans fails to explain how any lack of contractual privity for C.V.S. Aramis as to the June 2008 time charter between Caytrans and BBC Chartering would

---

[7] It appears that C.V.S. Aramis's contention that BBC Chartering has waived its right to arbitrate is grounded in the conduct of Caytrans, not that of BBC Chartering. After all, C.V.S. Aramis contends that the waiver stems from "Caytrans' filing suit in this Court over one year ago seeking to recover damages caused to the M/V BBC ARAMIS by stevedores." (Doc. 80, at 6.) To be sure, C.V.S. Aramis complains that BBC Chartering "waited more than eight months, over one year, before invoking arbitration." (*Id.* at 8.) But there is no evidence that BBC Chartering did or failed to do anything in this litigation prior to December 16, 2009, when it was first joined as a party. C.V.S. Aramis offers no explanation for why BBC Chartering should be held accountable for any dilatory foot-dragging by Caytrans in invoking the arbitration clause. Its opposition to the Motion to Dismiss is rendered all the more cryptic by the fact that Caytrans was not even a party to the October 2004 time charter whose arbitration provision BBC Chartering seeks to enforce. Absent any factual or legal analysis by C.V.S. Aramis explaining how Caytrans' litigation conduct may be imputed to BBC Chartering for purposes of the waiver doctrine, the Court will not conflate the two entities into one as C.V.S. Aramis does in its brief.

deprive C.V.S. Aramis of standing to pursue its tort claims, separate and apart from the contract.[8] The Court will not endeavor to devise Caytrans' Rule 12(b)(6) arguments for it; therefore, the Motion to Dismiss will be denied to the extent that Caytrans seeks dismissal of C.V.S. Aramis's tort claims against it on the basis of a purported lack of contractual privity between them.

Second, Caytrans' conclusory insistence that BBC Chartering did not intend to confer a benefit on C.V.S Aramis via the June 2008 time charter cannot be credited at the Rule 12(b)(6) stage of the proceedings. As both sides acknowledge, the test for third-party beneficiary status hinges on whether C.V.S. Aramis is an intended beneficiary of the contract or merely an incidental beneficiary. *See generally Brunswick Cellulose, Inc. v. Rogers Cartage Co.*, 2010 WL 438357, *2 (11th Cir. Feb. 8, 2010) ("A third party beneficiary may enforce a contract if its terms indicate that the contract was intended for his or her benefit."); *AT&T Mobility, LLC v. National Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1360 (11th Cir. 2007) ("in order for a third party to have standing to enforce a contract ..., it must clearly appear from the contract that it was intended for his benefit") (citations omitted); *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 981 (11th Cir. 2005) ("a third party is an intended beneficiary of a contract between two other parties only if a direct and primary object of the contracting parties was to confer a benefit on the third party").[9]

---

[8] *See generally Temploy, Inc. v. National Council on Compensation Ins.*, 650 F. Supp.2d 1145, 1153 (S.D. Ala. 2009) (under Alabama law, "when a third party is not in privity with the parties to a contract and is not a third-party beneficiary to the contract, the third party may recover in negligence for breach of a duty imposed by that contract if the breaching party negligently performs the contract with knowledge that others are relying on proper performance and the resulting harm is reasonably foreseeable") (citations omitted); *Berkel and Co. Contractors, Inc. v. Providence Hosp.*, 454 So.2d 496, 501 (Ala. 1984) ("Alabama courts have rejected the absence of privity of contract as a defense to a negligence action.").

[9] In briefing the Motion to Dismiss, the parties ignore the question of which law applies to the third-party beneficiary question. Caytrans cites a handful of federal decisions from various jurisdictions and Section 302 of the *Restatement (Second) of Contracts*, without distinguishing among them or explaining why they govern or should be followed here. (Doc. 78, at 8-10.) For its part, C.V.S. Aramis eschews citations to any authorities on the third-party beneficiary issue, but instead trades in general legal principles without identifying their origins. (Doc. 80, at 9-10.) Such omissions do neither the parties nor the undersigned any favors. The Court will not undertake to develop the parties' positions for them; however, it recognizes the

There is significant evidence in the language of the June 2008 time charter that the signatories intended to confer a benefit on C.V.S. Aramis. As an initial matter, BBC Chartering executed it "as Agents to the Time-Chartered-Owners of the good Motorship BBC Aramis." (Doc. 78, Exh. B, at 1.) Thus, BBC Chartering represented from the outset that it was entering into the June 2008 time charter as the agent of the vessel's owner, which is of course C.V.S. Aramis. Also, Clause 29 of the agreement specified that "Charterers shall pay for stevedore damage whether or not stevedores have made payment to Charterers" and shall "remain responsible for damages done to the vessel caused by stevedores or other Charterers' servants." (Doc. 78, ¶ 29.) On its face, this provision appears to bestow a direct benefit on C.V.S. Aramis by obligating Caytrans to pay for all stevedore damage to the vessel, irrespective of whether stevedores had paid Caytrans for it. Furthermore, a provision in the agreement required Caytrans to obtain written consent from "the shipowners" before taking the vessel to or through any area where it may be exposed to war risks. (*Id.*, ¶ 67.) Again, this provision appears to bestow a direct benefit on C.V.S. Aramis, as owner of the vessel. Faced with plaintiff's arguments that these contract provisions evince the intent of BBC Chartering and Caytrans to confer a benefit on C.V.S. Aramis, Caytrans is silent. Given the facial persuasiveness of C.V.S. Aramis's contentions in this regard, and Caytrans' failure to undertake even a token effort to rebut them, the Court will deny the Motion to Dismiss insofar as it proceeds from the unsupported, undeveloped premise that C.V.S. Aramis's contract-based claims against C.V.S. Aramis fail as a

---

Eleventh Circuit's recurring pronouncements that "[t]he question of whether, for standing purposes, a non-party to a contract has a legally enforceable right is a matter of state law." *AT&T Mobility*, 494 F.3d at 1360; *see also Bochese*, 405 F.3d at 981 (similar). If Alabama law applies, then the guiding principles would be as expressed above. *See, e.g., Edwards v. Costner*, 979 So.2d 757, 763 (Ala. 2007) ("In order for a person to be a third-party beneficiary of a contract, the contracting parties must have intended to bestow benefits on third parties.") (citation omitted); *H.R.H. Metals, Inc. v. Miller ex rel. Miller*, 833 So.2d 18, 24 (Ala. 2002) (recognizing that "third-party-beneficiary principles focus upon the intent of the contracting parties" and specifically whether the contracting parties intended, at the time of contract formation, to bestow a direct benefit upon the complainant) (citations omitted). Thus, it does not appear (and the parties certainly have not suggested) that a choice-of-law analysis would materially affect the reasoning or the outcome here.

matter of law for lack of standing.[10]

### D.     *Effect of the June 2008 Time Charter and Arbitration Clause.*

As a fallback position, Caytrans asserts that even if C.V.S. Aramis does qualify as a third-party beneficiary to the June 2008 time charter, C.V.S. Aramis's claims cannot proceed in this forum because they are subject to that agreement's mandatory arbitration clause. In particular, the June 2008 time charter includes a provision stating that "[a]ny dispute arising from or in connection with this Charterparty shall be submitted to arbitration in New York in accordance with SMA Rules, New York/US Maritime law to apply." (Doc. 78, Exh. B, ¶ 66.) Caytrans' position is that if (as C.V.S. Aramis has successfully argued) C.V.S. Aramis is a third-party beneficiary to the June 2008 time charter, the Motion to Dismiss should nonetheless be granted because all of C.V.S. Aramis's claims against Caytrans are subject to that arbitration clause.

Although the parties do not address it in their skeletal briefing on this point, the Court observes that many jurisdictions (including Alabama) have held that arbitration agreements are enforceable against third-party beneficiaries. *See, e.g., Edwards v. Costner*, 979 So.2d 757, 763 (Ala. 2007) ("A nonsignatory can be bound to an arbitration agreement when the nonsignatory is an intended third-party beneficiary of the contract containing the arbitration agreement.").[11]

---

[10]     This result is reinforced by Caytrans' unequivocal stance in its pleadings in connection with its affirmative claims against Tri-State and Equipment Rental that Caytrans "is legally and contractually subrogated to the rights of the M/V BBC ARAMIS to recover those costs and expenses associated with the damage to the vessel and its crane." (Doc. 53, ¶ 8.) Caytrans has not explained how it may explicitly predicate its claims against Tri-State and Equipment Rental on its contractual relationship with C.V.S. Aramis, then deny the existence of any such contractual relationship in its Motion to Dismiss C.V.S. Aramis's claims against it. Perhaps this dichotomy is justifiable under the rubric of pleading in the alternative. At any rate, what is important is that Caytrans is seeking dismissal of C.V.S. Aramis's claims by disclaiming any contractual relationship between them, even though Caytrans has previously staked itself to a position in the pleadings in support of its claims against other parties that there was indeed a contractual relationship between Caytrans and C.V.S. Aramis. Caytrans' admission in the pleadings cuts against the Rule 12(b)(6) relief it seeks.

[11]     *See also Sher v. Cella*, 160 P.3d 1250, 1256 (Haw. App. 2007) ("[A] third-party beneficiary of a contract containing an arbitration clause can be subject to that clause and compelled to arbitrate on the demand of a signatory.") (citation omitted); *Adams v. Greenpoint*

C.V.S. Aramis having insisted in both its pleadings (doc. 74) and briefs (doc. 80) that it is a third-party beneficiary to the June 2008 time charter, and having prevailed on that issue in the context of this Rule 12(b)(6) motion, it cannot and does not deny third-party beneficiary status for purposes of enforcement of the arbitration clause therein.  That said, Caytrans' efforts to compel arbitration of C.V.S. Aramis's claims are subject to the same waiver principles addressed *supra* with respect to BBC Chartering's arbitration demand, and C.V.S. Aramis has clearly asserted that Caytrans waived its right to enforce the arbitration clause.

Once again, the crux of C.V.S. Aramis's argument is that Caytrans waived arbitration by "filing suit in this Court over one year ago seeking to recover damages caused to the M/V BBC ARAMIS by stevedores."  (Doc. 80, at 6.)  It is true that Caytrans initiated this action back in November 2008 and actively and substantially invoked the litigation machinery for more than a year before filing its Motion to Dismiss demanding that C.V.S. Aramis comply with the arbitration clause.  However, the problem with C.V.S. Aramis's contention is that Caytrans never invoked the litigation machinery <u>against</u> C.V.S. Aramis.  The defendants that Caytrans sued were Equipment Rental and Tri-State, neither of which was a party to the June 2008 time charter.  To the extent that C.V.S. Aramis is suggesting that Caytrans waived the arbitration clause by filing suit and litigating nonarbitrable claims against two entities not subject to that clause, its reasoning is opaque.  As with BBC Chartering, the first time that claims between C.V.S. Aramis and Caytrans were joined in this litigation was December 16, 2009, the date on which C.V.S. Aramis filed its First Supplemental and Amended Complaint.  C.V.S. Aramis fails to identify a single act or omission by Caytrans following that date that would support its waiver theory.  Moreover, the docket sheet reflects that after C.V.S. Aramis initiated direct litigation against it, Caytrans' next filing was the Motion to Dismiss in which it demanded arbitration.  This course of conduct is incompatible with notions of waiver.  Therefore, the Court finds that C.V.S.

---

*Credit, LLC*, 943 So.2d 703, 708 (Miss. 2006) ("arbitration agreements can be enforced against non-signatories if such non-signatory is a third-party beneficiary"); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 739 (Tex. 2005) (recognizing that under common principles of contract and agency law, non-signatories to arbitration agreements may be bound if they are third-party beneficiaries); *Hojnowski ex rel. Hojnowksi v. Vans Skate Park*, 868 A.2d 1087, 1092 (N.J. Super.A.D. 2005) ("[N]on-signatories of a contract ... may ... be subject to arbitration if the nonparty is an agent of a party or a third party beneficiary to the contract.") (citations omitted).

Aramis has failed to meet its burden of showing that Caytrans substantially participated in litigation with C.V.S. Aramis to a point inconsistent with an intent to arbitrate. That Caytrans actively litigated claims involving other parties (who were not subject to the arbitration clause in the June 2008 time charter) for an extended time period does not constitute, and cannot logically be viewed as, a waiver of its right to arbitrate C.V.S. Aramis's claims against it, especially where Caytrans promptly sought arbitration after those arbitrable claims were joined.[12]

For all of these reasons, the Court will enforce the arbitration clause in the June 2008 charter party against C.V.S. Aramis, which is by its own admission a third-party beneficiary of that agreement and therefore bound by its terms under applicable law.

### E.     The Path Ahead.

In the foregoing sections, the undersigned has concluded that BBC Chartering and Caytrans have properly invoked the arbitration mechanisms set forth in the October 2004 and June 2008 time charters with respect to all claims and causes of action asserted against them by C.V.S. Aramis in its First Supplemental and Amended Complaint. The obvious remaining question is: Where do we go from here?

BBC Chartering and Caytrans assert that the proper remedy is dismissal of C.V.S. Aramis's claims against them in this forum, coupled with referral of the matter to arbitration. (Doc. 78, at 7, 11.) C.V.S. Aramis counters that a stay, rather than a dismissal, is the more appropriate course. (Doc. 80, at 6.) Although neither side has comprehensively addressed this issue, C.V.S. Aramis's position is more compelling. When confronted with objections that plaintiffs have initiated litigation without satisfying arbitration requirements, courts routinely stay rather than dismiss the proceedings to allow for implementation of the agreed-upon dispute resolution mechanism. *See, e.g., Klay v. All Defendants*, 389 F.3d 1191, 1203-04 (11th Cir. 2004) ("Pursuant to Section 3 of the FAA, a district court shall stay a pending suit upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under a valid arbitration agreement.") (citation and internal quotation marks omitted); *Halim v. Great Gatsby's*

---

[12] Even if there somehow were a waiver, C.V.S. Aramis has failed to show that it incurred prejudice by virtue of Caytrans' prosecution of nonarbitrable claims involving other parties prior to C.V.S. Aramis's decision to amend its complaint to sue Caytrans.

*Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008) ("the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright") (citations omitted).[13] Accordingly, the Court will stay, rather than dismiss, C.V.S. Aramis's claims against BBC Chartering and Caytrans pending the outcome of arbitration proceedings.

The more intriguing question is whether the scope of the stay should encompass the entire dispute, which also includes numerous nonarbitrable claims, or whether the stay should be confined to the specific arbitrable claims between C.V.S. Aramis on one side, and BBC Chartering and Caytrans on the other, with this litigation proceeding as to the remainder. The Eleventh Circuit has written to this point as follows: "When confronted with litigants advancing both arbitrable and nonarbitrable claims, ... courts have discretion to stay nonarbitrable claims. ... In this instance, courts generally refuse to stay proceedings of nonarbitrable claims when it is feasible to proceed with the litigation." *Klay*, 389 F.3d at 1204; *see also Filson v. Radio Advertising Marketing Plan, LLC*, 553 F. Supp.2d 1074, 1092 (D. Minn. 2008) ("A district court has discretion to stay litigation among nonarbitrating parties pending the outcome of the arbitration."); *Benson Pump Co. v. South Cent. Pool Supply, Inc.*, 325 F. Supp.2d 1152, 1160 (D. Nev. 2004) ("decision to stay the remaining nonarbitrable claims[] is soundly vested in the court's discretionary authority to control it's [*sic*] docket," although "[c]ourts generally proceed

---

[13] *See also Fields v. NCR Corp.*, --- F. Supp.2d ----, 2010 WL 446170, *8 n.9 (S.D. Iowa Feb. 10, 2010) ("Given the FAA's use of the mandatory term 'shall,' the Court finds it appropriate to issue a stay, rather than to dismiss Plaintiff's claims."); *Tracfone Wireless, Inc. v. Blue Ocean's Distributing, LLC*, 616 F. Supp.2d 1284, 1285 (S.D. Fla. 2009) (proper remedy for party's failure to comply with arbitration provision was stay, rather than dismissal, where party had requested stay); *R&F, LLC v. Brooke Corp.*, 2008 WL 294517, *2 (D. Kan. Jan. 31, 2008) (where plaintiff filed suit despite provision requiring parties to engage in mediation before going to court, proper remedy was to stay the litigation pending mediation); *Scurtu v. International Student Exchange*, 523 F. Supp.2d 1313, 1328 (S.D. Ala. 2007) (electing to stay, rather than dismiss, plaintiff's claims that were subject to binding arbitration agreement); *RoadTechs, Inc. v. MJ Highway Technology, Ltd.*, 79 F. Supp.2d 637, 640 (E.D. Va. 2000) ("it is within the district court's discretion whether to dismiss or stay an action after referring it to arbitration"); *Cecala v. Moore*, 982 F. Supp. 609, 613 (N.D. Ill. 1997) ("if the dispute at issue is found to arise out of or relate to the instant contract and so to be within the scope of the mediation clause, then this court concludes that it has the authority to stay the proceedings").

with the nonarbitrable claims when feasible").

In its opposition brief to the Motion to Dismiss, C.V.S. Aramis urges the Court to stay this action in its entirety if (as the Court has found) the arbitration demands of BBC Chartering and Caytrans are cognizable. Unfortunately, C.V.S. Aramis did not posture this request as a separate motion, and the other parties have not reasonably had an opportunity to be heard as to the propriety of expanding the stay to embrace all nonarbitrable claims in this action during the pendency of arbitral proceedings between C.V.S. Aramis and BBC Chartering, and between C.V.S. Aramis and Caytrans. Accordingly, the undersigned will allow all parties to submit memoranda reflecting their positions on the scope of the stay before ruling on this issue.

### III. Conclusion.

For all of the foregoing reasons, it is hereby **ordered** as follows:

1. The Motion to Dismiss (doc. 78) filed by defendants Caytrans and BBC Chartering is **granted in part** and **denied in part**. The Motion is **granted** insofar as movants seek a stay of all of C.V.S. Aramis's claims against them, but is **denied** insofar as movants seek outright dismissal of those claims.
2. All claims brought by C.V.S. Aramis against Caytrans and BBC Chartering are **stayed** pending arbitration.
3. All parties are **ordered**, on or before **May 3, 2010**, to file memoranda of law setting forth their positions as to whether the Court should exercise its discretion to stay some or all of the nonarbitrable claims in this action, pending the outcome of the arbitral proceedings, or whether the stay should be confined to C.V.S. Aramis's arbitrable claims against Caytrans and BBC Chartering.

DONE and ORDERED this 16th day of April, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE